Frost *v.* Denman.

LYDIA G. FROST et al.

*v.*

JAMES C. DENMAN et al.

An executor who has discharged his duties faithfully and with advantage to the estate, does not forfeit his commissions by merely keeping on hand larger amounts than the necessities of the estate required, but which he has not personally used; he should pay simple interest, however, upon the excess, after deducting enough to meet the yearly expenses.

Bill for account &c. On exceptions on both sides to master's report.

*Mr. Joseph Alward,* for complainants.

*Mr. P. H. Gilhooly,* for defendants.

THE CHANCELLOR.

The bill was filed against James C. Denman, surviving executor of Major Denman, deceased, for an account &c. Mr. Denman answered; and, upon bill and answer, an order of reference to a master to take the account was entered. To the master's report both sides have excepted—the complainants to the allowance of commissions to the executor, and the executor's representative (the executor died after the taking of the account had been begun) to the charge of compound interest made against the executor, on the balances in his hands, from 1870 to 1878. He claims, also, that if the account be taken with annual rests, the executor should be credited in each year with his commissions earned in the year.

The executor appears to have discharged his duty with fidelity and economy, and with much advantage to the estate. The master reports that the executor had the management and disposal of a large number of building lots; that he managed the estate with care and prudence and negotiated advantageous sales;

Frost *v.* Denman.

that there were over ninety sales and about fifty mortgages taken for purchase-money ; that there are no charges for commissions to agents for negotiating those sales, and that the executor collected rents and interest and paid taxes and assessments (the property was in the city of Elizabeth) and other bills, and made payments to the devisees from time to time ; the whole amount of payments and allowances being nearly $74,000. The master thinks that the executor ought to have commissions. The executor has had charge of the estate since 1854, when his co-executor, who, up to the time of his death, had had sole charge of it, died. Nor does the executor appear to have done anything in his administration to forfeit his right or claim to commissions. None of the charges made against him in the bill have been established. The complainants insist that he has not kept proper books of account. He has kept books of his transactions which, though kept in a simple way, are intelligible and are sufficient to show his dealings, and he has made a full account. The balances, from 1870, were larger than he ought to have kept in hand. After retaining enough to meet the charges (taxes, assessments &c.) against the property, he should either have distributed the rest among the devisees, or should have invested it. But there is no evidence that he used the money for his own private purposes. The bill charges that he has so used it, and it calls for an answer on oath. He has answered explicitly and positively that he has not done so. Not only is the answer not overcome by proof, but there is no evidence whatever to the contrary. The executor should, under the circumstances, pay simple interest only (*King* v. *Berry, 2 Gr. Ch. 261*) on yearly balances after 1870, after deducting a proper sum ($1,500 a year would be a reasonable amount) as a fund to meet expenses. The exceptions of the complainants will be overruled, with costs, and those of the other side will be allowed, with costs.